**Edna Maribel ALVARENGA–VELASQUEZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73357.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

Enrique Arevalo, Esquire, Law Offices of Enrique Arevalo, South Pasadena, CA, for Petitioner.

Anthony Paul Nicastro, Esquire, Trial, OIL, Colette Jabes Winston, Esquire, David V. Bernal, Assistant Director, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Edna Maribel Alvarenga–Velasquez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen deportation proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Alvarenga–Velasquez's motion to reopen as untimely because it was filed more than 10 years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Alvarenga–Velasquez failed to establish that she exercised due diligence required to warrant tolling of the filing deadline. *See id.* at 897 (equitable tolling is available to a petitioner who establishes deception, fraud, or error, and exercised due diligence in discovering such circumstances), *see also Singh v. Gonzales*, 491 F.3d 1090, 1095–96 (9th Cir.2007).

To the extent Alvarenga–Velasquez contends that the BIA failed to consider some or all of the evidence she submitted with the motion to reopen, she has not overcome the presumption that the BIA did

review the record. *See Franco–Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).